# Commonwealth, Appellant, *v.* Weber.

*Constitutional law—Diseased Domestic Animals Act of July 22, 1913, P. L. 928.*

1. An indictment charging a person with failure to report a diseased animal is good under the Act of March 30, 1905, P. L. 78, even if the Act of July 22, 1913, P. L. 928, were unconstitutional.

Argued Nov. 10, 1914.   Appeal, No. 91, Oct. T., 1914, by plaintiff, from order of Q. S. Lancaster Co., Jan. T., 1914, No. 43, sustaining demurrer to indictment in case of Commonwealth v. S. E. Weber.   Before RICE, P. J., ORLADY, HEAD and KEPHART, JJ.   Reversed.

Indictment for failing to report a diseased animal.

The indictment charged that defendant on or about November 29, 1913, and since said date, at the county aforesaid and within the jurisdiction of this court, with

force and arms, etc., then and there being a practitioner of veterinary medicine in Pennsylvania, having received information of an animal suffering with generalized tuberculosis, did willfully and unlawfully fail to report to the secretary of the State Live. Stock Sanitary Board, the description of the animal or animals affected, with the name and address of the owner and persons in charge of the animal, the exact locality of the animal and the number of susceptible domestic animals exposed to the disease, contrary to the form of the act of the general assembly in such case made and provided, and against the peace and dignity of the commonwealth of Pennsylvania.

*Error assigned* was in sustaining demurrer to the indictment.

*A. H. Wooaward*, with him *John C. Bell*, attorney general, *J. E. B. Cunningham*, *John M. Groff*, district attorney, and *Coyle & Keller*, for appellant.

*John E. Malone*, with him *Edwin M. Gilbert*, for appellee, filed no printed brief.

OPINION BY ORLADY, J., February 24, 1915:

The indictment in this case concludes "contrary to the form of the Act of the General Assembly in such case made and provided, and against the peace and dignity of the Commonwealth of Pennsylvania" and does not specify the ninth section of the Act of July 22, 1913, P. L. 928, which the learned trial judge in the court below held to be unconstitutional, and for that reason sustained the demurrer filed by the defendant. Conceding this to be true, which we do not do, yet the indictment was clearly a good one and valid under the first section of the Act of March 30, 1905, P. L. 78, to which the offense charged is as applicable as to the ninth section of the latter statute. The identification

of the offense is as specifically set out in one as the other and both acts are in force.

For the reasons given in Commonwealth v. Falk, No. 90, October Term, 1914, ante, p. 217, the judgment in this case is reversed and the record remitted to the court below with a procedendo.